The Honorable Jodie Mahony State Representative State Capitol Little Rock, AR 72201
Dear Representative Mahony:
This is in response to your request for an opinion on whether the Secretary of State can contract on initiatives with clerks.
I assume that your question pertains to the determination of the sufficiency of statewide petitions under Amendment 7 to the Arkansas Constitution.
This office concluded in Opinion Number 91-023 (copy enclosed) that the Secretary of State could not lawfully issue a certificate of sufficiency or insufficiency of statewide petitions based on the verification of signatures by county clerks. This conclusion was compelled by Amendment 7's mandate that the sufficiency of statewide petitions "shall be decided in the first instance by the Secretary of State. . . ." Ark. Const. Amend. 7. The Arkansas Supreme Court has stated that the Secretary of State's determination includes both the ballot title and the signatures. Finn. v. McCuen, 303 Ark. 417, 425, S.W.2d (1990).
We also concluded in Opinion No. 91-023 that the use of hired help to verify signatures would be permissible. Att'y Gen. Op. No. 91-023 at 3. This was premised upon the assumption that the hired help would be employed by the Secretary of State's office and would remain under the control and supervision of the Secretary of State.
This element of control is, in my opinion, essential in order for the sufficiency to, in fact, be decided in the first instance by the Secretary of State. This control element may be lacking in the contract setting so long as the clerks are operating, in effect, as independent contractors. The practice would be particularly suspect if the clerks took all steps necessary to make the sufficiency determination, other than counting the number of signatures. This would, in my opinion, be doing indirectly what we concluded in Opinion 91-023 could not be done directly without violating Amendment 7.
This is not to say that the clerks' involvement in the sufficiency determination is unlawful per se. It is my opinion that the expertise of the county clerks may reasonably be relied upon by the Secretary of State as a back-up to his determination that the petitions are either sufficient or insufficient. And a contract may be an appropriate means of gaining the clerks' input. It is my opinion, however, that care should be taken to insure that the Secretary of State retains ultimate authority and control over the review process, which may include designating the criteria or information employed by the clerks in the sufficiency determination. A required detailed summary of the clerks' decisions would further strengthen this assurance.
The particular terms of any contract would, therefore, be relevant in determining whether the Secretary of State has retained the power and duty to decide the sufficiency of the petitions in the first instance. It is my opinion that this would be evidence in assessing any arrangement whereby the Secretary of State retains the services of others outside his office in connection with the review of initiative petitions.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb